**Steven M. Crawford**, OSB # 176264
**J. Andrew Long**, OSB # 161384
**Legal Aid Services of Oregon**
433 Fourth Ave. SW
Albany, OR 97321
P: (541)926-8678
F: (541)926-8919
steven.crawford@lasoregon.org
andrew.long@lasoregon.org

**Edward Johnson**, OSB # 965737
**Oregon Law Center**
522 SW Fifth Ave. #812
Portland, OR 97204
P: (503) 473-8310
F: (503) 295-0676
ejohnson@oregonlawcenter.org

IN THE UNITED STATES DITRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **DAVID FURRY** | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **42 USC § 1983** |
| **CITY OF ALBANY**, **PETER TROEDSSON** and **APEX PROPERTY CLEARING AND RECYCLING, LLC.** | |
| Defendants. | |

### INTRODUCTION

This case involves a municipal government's demolition of plaintiff's home without proper notice or due process. The Plaintiff, David Furry, has owned his home at 610 Sherman

1 -- COMPLAINT

Street in Albany, Oregon for 25 years. In December 2011, the City of Albany began targeting and harassing Mr. Furry through his property for the next eight years. This harassment took the form of notices that the property was unsafe for occupancy, and orders to vacate the property. Despite Mr. Furry's efforts to improve the premises to meet the city's standards, and consultation with an engineer who disputed the city's assessment, the city repeatedly issued Mr. Furry orders to vacate the premise, each time relying on outdated information from an inspection of the property that occurred years prior.

The city's harassment culminated on January 27, 2020, when, upon the orders of the city manager, Peter Troedsson, the Albany Police Department arrived at the plaintiff's house accompanied by a demolition crew. The crew demolished the plaintiff's house, rendering him, his wife, and their son homeless. Despite the City's assertion to the contrary, there was no immediate health or safety risk or other justification for this destruction of plaintiff's home. Plaintiff was not afforded a hearing, trial, or other opportunity to dispute the city's findings or decision to demolish the house, and was notified of the demolition only three days prior.

Plaintiff brings this action pursuant to 42 USC §1983 against the City of Albany; the city manager, Peter Troedsson; and Apex Property Clearing and Recycling for violating the plaintiff's Fourth and Fourteenth Amendment rights when they demolished they the plaintiff's home.

## JURISDICTION AND VENUE

1.      Jurisdiction exists for plaintiff's federal claims pursuant to 28 USC §§ 1331 and 1343. The court has  supplemental jurisdiction over plaintiff's state law claims for property damage under 28 USC §1367.  Venue is proper  because all claims arose in Linn County in the State of Oregon, and the property which gives rise to this action is locate in Linn County, Oregon.

## PARTIES

2.      Plaintiff David Furry, at all material time, was a resident of Linn County, Oregon and the owner of real property commonly referred to as 610 Sherman Street SE, Albany, Oregon

2 -- COMPLAINT

97321 (Hereinafter called "610 Sherman Street").

3.      Defendant City of Albany is a municipal government located in Linn County, Oregon. They are a public entity as defined by 42 USC § 12131.

4.      Defendant Peter Troedsson was, at all material times, the city manager for the City of Albany.

5.      Apex Property Clearing and Recycling, LLC (hereinafter "Apex") at all times material to this complaint was a contractor employed by Defendant City of Albany.  Apex, at all times, was jointly participating in the state action and the constitutional deprivations caused by the City and Mr. Troedsson.

## FACTUAL ALLEGATIONS

6.      Plaintiff David Furry (Hereinafter "Furry") has been the owner of the property at 610 Sherman Street since September 29, 1995.

7.      Prior to January 27, 2020, 610 Sherman Street consisted of a single family home occupied by Furry and his family as their sole residence.

8.      Disputes over the condition of the house at 601 Sherman Street began when Furry was arrested on controlled substance-related charges on December 21, 2011. On the same day, an undisclosed building official for the City of Albany conducted an inspection of 610 Sherman Street in which they allege structural defects which caused the house to be a dangerous building, structure, or premises pursuant to Albany Municipal Code (AMC) § 18.28.010. Furry only received probation for his drug charges, but the City of Albany would proceed to harass Furry through his ownership of 610 Sherman Street for the next 8 years.

9.      Relying on the December 21, 2011 inspection, on January 3, 2012, the City of Albany delivered to Furry a notice that his house had been deemed a dangerous building, and ordered it to be vacated pending repairs. Furry was not given a hearing or opportunity to dispute the city's finding prior to being deprived of his right to occupy the house.

10.     In response to the January 3 notice, Plaintiff consulted with Dan Herford, who, at the

time, had over 10 years of experience as a structural engineer. Herford submitted a report on June 24, 2013, that disputed the majority of the city's findings, concluding that the house was safe for occupancy but outlining several improvements that would add to the structural soundness of the building. Furry delivered Herford's report to the City of Albany's building department personally, disputing that his home was, in fact, fit for occupancy.

11.    On June 25, 2013, Furry applied for and received a building permit to conduct the improvements recommended by Herford's report. Furry conducted the improvements recommended in Herford's report over the course of the next several months as his finances allowed. He believed that, upon completing the improvements described in the permit, his dispute regarding the condition of his property was over, and began occupying 610 Sherman Street as his primary residence again in autumn 2013.

12.    Over two years later, and apparently without provocation, the City of Albany sent Furry an Order to Vacate 610 Sherman Street dated October 8, 2015. The order to vacate was delivered pursuant to AMC 18.28.040, stating that the building was "imminently dangerous". The Order to Vacate based its findings on the December 21, 2011 inspection. The notice did not address, or even acknowledge, the improvements made by Furry since the January 3, 2012 Notice or the findings in Herford's report.

13.    On October 19, 2015, after Furry refused to comply with the errantly delivered Order to Vacate, the City of Albany ordered that power and gas utilities be disconnected from 610 Sherman Street, making it uninhabitable.  The order to shut off utilities was again predicated on the December 21, 2011 inspection and the January 3, 2012 Notice. It did not address or acknowledge the improvements made by Furry since the January 3, 2012 Notice or the findings in Herford's report.

14.    On February 9, 2016, the City of Albany sent Furry yet another notice stating that the house at 610 Sherman Street was unfit for occupancy and ordering all occupants to vacate the premise. This Notice once again relied on the December 21, 2011 inspection report and disregarded any improvements made since the January 3, 2012 Notice.

15.     The City of Albany finally conducted another inspection of 610 Sherman Street on November 7, 2016. Furry was officially allowed to move back into 610 Sherman following this inspection.

16.     Beginning in early 2019, Furry's son, Dustin Furry, moved to Albany. Dustin Furry lived intermittently with his parents at 610 Sherman Street in 2019. At all material times, Dustin Furry suffered from a mental impairment that substantially limited and limits one or more major life activities. Dustin Furry's mental disabilities cause paranoia, aggression, and a predisposition to substance abuse. Dustin Furry refused treatment at the County Health Department, and David Furry was advised  by Health and Human Services that, if his son became too violent to handle, he should contact law enforcement.

17.     On March 29, 2019, a fight broke out between David Furry and Dustin Furry. David Furry called the Albany Police Department (hereinafter "APD") for assistance and Dustin Furry was arrested at 610 Sherman Street for outstanding misdemeanor warrants which originated in a different county. At that time, David Furry asked responding officers if they could assist his son in getting help with his violent outbursts and substance use. He was informed that such assistance was not part of their job as police officers.

18.     On April 17, 2019, David Furry again had to call APD because of his son's disability-related behavior.  Dustin Furry was again arrested outside of 610 Sherman Street.  He was charged with criminal mischief, a misdemeanor offense.

19.     On April 27, 2019, David Furry again called the police for assistance with Dustin Furry, who was throwing bricks and rocks at the other residents of 610 Sherman Street, breaking windows on the house and damaging David Furry's pickup truck in the process. Dustin Furry was once again arrested for misdemeanor offenses. David once again requested APD assist him in finding help for his son, and once again he was refused.

20.     The APD participates in the City Solutions Team, which is a partnership with the Communities Helping Addicts Navigate Change Effectively (hereinafter CHANCE). The program was designed to connect people suffering from mental health crisis and/or substance

abuse with a counselor from CHANCE. Daniel Furry was never connected with any such service.

21.     Instead of assisting Furry with his son's mental health and substance abuse crisis, or connecting him to resources like those offered by the City Solutions Team, APD, on June 12, 2019, used Dustin Furry's misdemeanors as the premises to declare 610 Sherman Street a Chronic Nuisance Property as defined by Albany Municipal Code (AMC) § 7.85. APD relied upon seven incidents in making this determination. Three of the incidents were cases where David Furry was forced to contact law enforcement in response to his son's outbursts (the remaining incidents either did not occur at 610 Sherman, were not attributable to the residents of 610 Sherman, or are of minor transgressions like keeping junk).

22.     In response to the declaration, Furry sent APD a June 23, 2020 letter in which he again requests the City's assistance in getting help for Dustin Furry. He informed APD that he was instructed by the County Health Department to contact APD if Dustin Furry gets violent. He explained that Dustin Furry's condition had alienated his friends and left him with nowhere else to go but home to his parents. Dustin Furry's Mother, Tracy Freitag, sent a similar letter at the same time.

23.     In a July 2, 2019 response to Furry's letter, APD Chief of Police Mario Lattanzio informed Furry that he could abate the chronic nuisance at 610 Sherman Street, in part, by excluding his disabled son from the property. Furry responded shortly after by informing the city that the provision regarding his son was unacceptable, but agreed to abide by the other terms of the settlement.

24.     On August 6, 2019, in apparent response to Furry's refusal to exclude his son from the property, The APD sent a notice to Fury that 610 Sherman Street was once again being declared a "Dangerous Building" pursuant to AMC § 18.20.010 and ordered Furry to vacate the premises. The notice did not cite any specific deficiencies in 610 Sherman Street's structural integrity or cleanliness, but instead merely stated by reference the sections of the Albany Municipal Code the structure supposedly violated. There was no obvious change in the

structure's integrity from the inspection conducted on November 7, 2016.

25.     On September 6, 2019, APD and the Linn Interagency Narcotics Enforcement (LINE) team executed a search warrant at 610 Sherman Street during which armed officers used a battering ram to breech the front door. Two occupants were seriously injured in the raid. Furry was charged with misdemeanor possession of methamphetamine, and Tracy Freitag was charged with  felony possession of methamphetamine and delivery of methamphetamine. Both were charged with misdemeanor frequenting a place where controlled substances are used. Both cases are still pending in Linn County Circuit Court for the State of Oregon.

26.     On September 6, 2019, the City of Albany's Department of Community Development sent Furry a notice stating that 610 Sherman Street was declared a dangerous building. It required Furry to reply within 14 days of the notice if he wanted to appeal the decision. It was revised on September 19, 2019 to correct errors made by the city.

27.     On September 20, 2019, Furry appealed the Albany Building Department's decision in a letter to the Board of Appeals that addressed each of the city's allegations in turn.

28.     On December 12, 2019, APD delivered an "Order to Abate" based on the September 6th and September 19th declarations that 610 Sherman Street was a dangerous property. Despite the Order's language allowing the property owner to repair alleged deficiencies at the property, and according to evidence made available to Furry in relation to his litigation over the September 6th misdemeanor charges, it is evident that the City of Albany had already decided to demolish Furry's home.

29.     On January 14, 2020, Apex Property Clearing and Recycling, acting on behest of the City of Albany, boarded up the windows and doors of 610 Sherman Street. In the process, they irreparably damaged the new vinyl windows Furry replaced following the April 17, 2019 incident with Dustin Furry.

30.     On January 20, 2020, the City posted a notice at 610 Sherman Street that the premises constituted a dangerous building, and ordering the nuisance abated in accordance with AMC 18.28.020. AMC 18.28.020 only allows for abatement by demolition at the owner's discretion.

31.     On or about January 24, 2020, Defendant Peter Troedsson, in his capacity as the city manager for Defendant City of Albany, sent the first and only notice to Furry declaring that 610 Sherman Street was an Imminent Nuisance as defined by AMC § 7.84.150, and ordering that the nuisance be abated by demolition "as soon as possible." The decision that the house was an imminent nuisance was based upon the results of the September 6, 2019 raid on the house and a test for environmental levels of methamphetamine.

32.     On January 27, 2020, officers from the Albany Police Department barricaded the 600 block of Sherman Street against traffic while Apex Property Clearing and Recycling and agents for Defendant City of Albany entered onto 610 Sherman Street without consent of the Plaintiff and demolished the Plaintiff's home, leaving only the foundations and a military-surplus mobile storage unit Plaintiff used as a storage shed.

33.     Plaintiff has been living unhoused since the demolition of his home, sleeping under a makeshift temporary shelter at 610 Sherman Street until September 6, 2020, when the city declared his camping on the property (for lack of a house) to be an imminent nuisance and once again forced Mr. Furry off of 610 Sherman Street pursuant to AMC § 7.84.150. He now sleeps in his pickup truck wherever he is able to park it.

34.     AMC § 7.84.150 allows the city manager, in his or her sole discretion, to order that a condition, substance, act, or nuisance that poses an imminent threat to human life, safety, or to property be summarily abated without notice to the property owner or the person in control of the property.

35.     The city has a policy or practice of using AMC § 7.84.150 to demolish structures for a public benefit without giving the owner sufficient notice, due process, or compensation.

36.     In using AMC § 7.84.150 as the basis upon which the demolition was ordered, the Defendants acted under color of state law.

37.     To cover the cost of building code enforcement, including the demolition and subsequent clearing of the property, the City of Albany assessed liens in the amount of

approximately $190,000 against 601 Sherman Street pursuant to AMC § 7.85.150(3), via AMC § 7.85.170 which allows the City of Albany to assess the cost of abatement as a lien on the property, and prevent the sale of the property by the owner.

38.    At no point in late January 2020 was there any condition on plaintiff's property that posed an imminent threat to public health, safety, or welfare. The house at 610 Sherman Street existed in essentially the same state as it had for the past several years. Despite frequent contact with city officials over the course of 2019, and an inspection conducted on September 6, 2019, the City of Albany provided no explanation for how the property suddenly became an imminent threat to public health, safety, or welfare in January 2020.

39.    At no point prior to the January 27, 2020 demolition of his home was the Plaintiff given the opportunity to appear before any sort of adjudicating body to dispute the alleged imminent nuisance presented by his home, nor scrutinize the veracity of the evidence levelled against him, nor advocate for a method of abatement less destructive than demolition.

**FIRST CLAIM FOR RELIEF**
**Fourteenth Amendment to the U.S. Constitution (Procedural Due Process/Notice)**
**and 42 U.S.C. § 1983**
**(Against all Defendants)**

40.    Plaintiff restates and reaffirms Paragraphs 1-39 herein.

41.    Plaintiff had a property interest in his home and he was deprived of that property interest without due process of law in that he was not given proper notice and was given no opportunity to be heard prior to the demolition of his home.

42.    Plaintiff seeks redress for this violation of his constitutional rights pursuant to 42 USC § 1983.

**SECOND CLAIM FOR RELIEF**
**Fourteenth Amendment to the U.S. Constitution (Taking of Property without Just**
**Compensation) and 42 U.S.C. § 1983**
**(Against All Defendants)**

43.     Plaintiff restates and reaffirms Paragraphs 1-39 herein.

44.     Defendants deprived plaintiff of his property for a public use or benefit.

45.     Plaintiff was never compensated for this deprivation of his property.

46.     Plaintiff seeks redress for this violation of his constitutional rights pursuant to 42

USC § 1983.


### THIRD CLAIM FOR RELIEF
**Fourth Amendment to the U.S. Constitution (Illegal Search and Seizure) and 42**
**U.S.C. § 1983**
**(Against All Defendants)**

47.     Plaintiff restates and reaffirms Paragraphs 1-39 herein.

48.     Defendants violated Plaintiff's right to be secure in his person, house, papers and

effects, against unreasonable  searches and seizures as guaranteed by the Fourth Amendment to

the United States Constitution.

49.     Plaintiff seeks redress for this violation of his constitutional rights pursuant to 42 USC

§1983.


### FOURTH CLAIM FOR RELIEF

**(State Common Law Claim for Trespass Resulting in Damage to Real Property)**

**(Against All Defendants)**

50.     Plaintiff restates and reaffirms Paragraphs 1-39 herein.

51.     Defendants interfered with Plaintiff's exclusive possession of 610 Sherman Street when

they and their agents entered onto the property without consent from the owner for the purpose

of demolishing his home.

52.     Defendants trespassed against plaintiff's property, resulting in the destruction of real

property. Plaintiff seeks redress for damage resulting from this violation of his right to exclusive

use and possession of his property.

## FIFTH CLAIM FOR RELIEF

### (Discrimination by a Public Entity on the Basis of a Disability, 42 USC § 12132 )

### (Against Defendant City of Albany)

53.     Plaintiff restates and reaffirms Paragraphs 1-39 herein.

54.     Defendant City of Albany, by and through the Albany Police Department, violated the Americans with Disabilities Act by using Dustin Furry's disability and related behavioral disorders as a basis for refusing David Furry services generally provided to its citizens.

55.     Plaintiff seeks redress for the City's decision to discriminate against the Furrys on the basis of their son's disability.

## SIXTH CLAIM FOR RELIEF

### (State Claim for Discrimination by a State Government on the basis of a disability, ORS 659A.142(5))

### (Against Defendant City of Albany)

56.     Plaintiff restates and reaffirms Paragraphs 1-39 herein.

57.     Defendant City of Albany, by and through the Albany Police Department, violated ORS 659A.142(5) by using Dustin Furry's disability and related behavioral disorders as a basis for refusing David Furry services generally provided to its citizens.

58.     Plaintiff seeks redress for the City's decision to discriminate against the Furrys on the basis of their son's disability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask the Court for the following relief:

1.     With regard to all claims for relief, an award of compensatory, non-economic, and punitive damages from all defendants in an amount to be proven at trial;

2.  With regard to the First, Second, Third and Fourth  Claim for Relief, declaratory relief stating that any liens asserted or debt assessed by the City of Albany against the Plaintiff in conjunction with the demolition of his home, or with the erroneous enforcement of city ordinances at 610 Sherman is unlawful and uncollectable.

3.  An award of attorneys' fees and costs pursuant to 42 USC § 1988(b).

4.  Any other relief which the court finds just and equitable.

Dated this ___ Day of December, 2020

LEGAL AID SERVICES OF OREGON

_____
Steven M. Crawford

_____
J. Andrew Long

_____
Edward Johnson